The judgment of the United States Customs Court is, in all respects, *affirmed*.

UNITED STATES *v.* THOMAS & PIERSON (No. 3337)[1]

United States Court of Customs and Patent Appeals, November 3, 1930

*C. D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Mary Rehan* and *Samuel M. Richardson* of counsel) for appellee.

[Oral argument October 7, 1930, by Mr. Folks and Mr. Richardson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The United States appeals from the judgment of the United States Customs Court, which sustained the protest against the classification of certain bath salts as toilet preparations under paragraph 62 of the Tariff Act of 1922, and held the merchandise dutiable under paragraph 5 of the same act. The importation is an Elizabeth Arden preparation, in the form of cubes about 1 inch in height, breadth, and thickness and is composed of 95 per centum sodium carbonate and about 5 per centum sodium perborate. The cubes are inclosed in a small paper box, and the box in turn is covered with cellophane or waxed paper, which protects it from the elements in the air and from outside contact. In the two exhibits before us there is a distinct odor of pine in one instance and of rose in the other. The mixture contains no alcohol.

---

[1] T. D. 44360.

The answer of the appraiser is as follows:

The merchandise consists of bath salts in cubes, a chemical material, prepared with the addition of perfumery, without alcohol. The mere chemical material is used for softening the water for the bath. When prepared with the addition of a perfume, it is used to perfume the bath. The addition of the perfume makes it an article distinct from the mere chemical salt or compound, both in the name and use. In the opinion of this office it is clearly a toilet preparation and was so returned for duty at 75 per centum ad valorem under paragraph 62, act of 1922.

On the inside of the container the following appears:

TRAVELLERS' BATH SALTS

Perfume and Soften the Water
Give a Tonic Action to the Skin

DIRECTIONS

One or two tablets to be dissolved in an ordinary sized bath. Where cold water is used the tablets must first be dissolved in hot water and added to the bath.

ELIZABETH ARDEN

673 Fifth Avenue, New York
25 Old Bond St., London, W. 2 Rue de la Paix, Paris

The Government argues here that the merchandise is a toilet preparation and properly dutiable either under the provision "all preparations used as applications to the hair, mouth, teeth, or skin," or under the term "and other toilet preparations" in paragraph 62, *supra*, which follows:

PAR. 62. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations, all the foregoing, if containing alcohol, 40 cents per pound and 75 per centum ad valorem; if not containing alcohol, 75 per centum ad valorem.

The Government furthermore contends that even if it be a compound or mixture of chemical salts, it is more specially provided for as a toilet preparation under paragraph 62.

The parties are in agreement as to the facts. It is not disputed that the preparation consists of two chemical salts, sodium carbonate and sodium perborate, and perfume material; that the sodium perborate has slight antiseptic properties; that the preparation perfumes and softens the water and gives a tonic action to the skin, and that it is used as bath salts by dissolving the same in the water of the bath.

The importer argues that the wording of paragraph 62 indicates that it was not the intent of Congress to include thereunder bath salts; that the paragraph is a perfumery paragraph as well as a paragraph providing for certain lotions, preparations, cosmetics, etc., which are "applied" to the "hair, mouth, teeth, or skin," and that the merchandise at bar is not "applied" to the skin within the meaning of the paragraph, which provides for "and all preparations used as *applications* to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations." (Italics ours.) From this standpoint the importer argues that the merchandise at bar is not applied to the skin and that the same can not be classified as "other toilet preparations" for the reason that bath salts, used in the bath, are not *ejusdem generis* with the other mentioned articles.

We think paragraph 62 is broad enough in its terms to cover the merchandise involved and that the importation is *ejusdem generis* with the other mentioned articles. Some of the articles named are used for various purposes on the skin. So is the article in question here. The fact that it perfumes the water and the body, comes in contact with the skin, and softens the water, and is supposed to give tonic action to the skin, we think, properly puts it in a class with the toilet preparations which are more particularly described in the paragraph.

In Abstract 37391, the Board of General Appraisers (now the United States Customs Court) held that a perfumed salt, which was put into the bath to soften the skin, was dutiable as a toilet preparation under paragraph 67 of the Tariff Act of 1909, although claimed dutiable under paragraph 3 of the same act under the provision for "all chemical compounds, mixtures, and salts." Said paragraph 67 reads in part as follows:

PAR. 67. Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, including tooth soaps, pastes, including theatrical grease paints and pastes, pomades, powders, and other toilet articles * * * .

In the Tariff Act of 1913 the identical language of said paragraph 67 was reenacted, except the word "preparation" was used instead of the word "article," where last used in the paragraph.

The Tariff Act of 1922 in all material respects, so far as the issue here is concerned, is identical with paragraph 48 of the act of 1913 and paragraph 67 of the act of 1909. Congress in the enactment of the 1922 act must have approved of the interpretation given in the year 1915 in the decision of the Board of General Appraisers in Abstract 37391. Moreover, at the time of the enactment of the act of

1922 Congress had before it the "Summary of Tariff Information, 1920," in which is found, at page 94, under the heading "Interpretation and Comments," concerning paragraph 48 of the act of 1913, the following pertinent language: "*Bath salt.*—A perfumed salt, which is put into the bath to soften the skin, is also classified as a toilet preparation. (Abstract 37391 of 1915.)"

Regardless of fine distinctions which might be drawn, it seems to us that the act of bathing may be said to be either part of making the toilet or so closely related thereto as to justify a finding that a bath salt is a toilet preparation. "Toilet powder" is defined in Webster's New International Dictionary, 1925, as being "A fine powder, usually with soothing or antiseptic ingredients, used to sprinkle or rub over the skin of the body, as after bathing, usually distinguished from powder used as a cosmetic for the face." True enough, it is used after the bath and is applied direct to the body and not through the medium of the water, but nevertheless it is used in connection with the bath and is applied to the skin of the *body*. The perfume quality of the toilet powder evidently serves the same purpose as the perfume in the bath salts.

We conclude that if the importation at bar may be regarded as "chemical salts" or a "compound," "combination," or "mixture of chemical salts" within the meaning of paragraph 5 (and we do not so decide), it is more specifically provided for under said paragraph 62.

The judgment of the United States Customs Court is *reversed*.

### DISSENTING OPINION

GARRETT, Judge: As I understand the majority opinion, the conclusion therein reached, that the merchandise at issue is properly classifiable under paragraph 62 of the Tariff Act of 1922, is based upon the fact that there is perfumery in the article. The testimony in the case establishes indubitably that the quantity of material which gives the products their respective odors is so negligible as that it is not computed as an element in the bulk of the cubes. It is a mere trace of perfumery in an article which is composed 95 per centum of sodium carbonate and 5 per centum of sodium perborate, thus constituting, as found by the Customs Court, and, as claimed in the protest, "a combination or mixture of chemicals."

It is my opinion that the Customs Court reached the correct conclusion and that its judgment should be *affirmed*. Hence, I respectfully *dissent*.